UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>JESUS SANCHEZ-LEDESMA,<br><br>                           Defendant. | Case No.:  17cr2202-CAB<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE [Doc. Nos. 118, 120]** |

On July 28, 2023, defendant Jesus Sanchez-Ledesma filed a motion for sentence reduction pursuant to 18 U.S.C sec. 3582(c)(1). [Doc. No. 118.] On August 8, 2023, this Court issued an order denying the motion without prejudice because defendant had not demonstrated that he exhausted his administrative remedies.  [Doc. No. 119.]  On October 10, 2023, Defendant filed a Motion in Compliance with the Court's Request, indicating that he has now exhausted administrative remedies and renewing his motion to reduce sentence.  [Doc. No. 120.]  On November 24, 2023, the government filed an opposition to the motion to reduce sentence.  [Doc. No. 122.]  On January 8, 2024, defendant filed a reply. [Doc. No. 126.] For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On August 3, 2018, Defendant was convicted of Conspiracy to Distribute Methamphetamine. [Doc. Nos. 56, 58.] This Court sentenced him to the mandatory minimum 120 months of imprisonment. [Doc. No. 108.] Defendant has served approximately 72 months of that sentence. He is currently incarcerated at a federal prison and is scheduled to be released at the end of his sentence. [Doc. No. 122 at 1-2.]

The Defendant was convicted after a lengthy investigation involving wiretaps and confidential sources that learned that the Defendant was leading a drug trafficking cell that imported methamphetamine and heroin into the United States and laundered cash proceeds back to Mexico. The Defendant supervised several other members of the drug trafficking conspiracy as reflected in both the present case and the related case, 17CR2201-CAB. [Doc. No. 68 at 9.]

DISCUSSION

On July 28, 2023, Defendant filed a motion with this Court seeking a sentence reduction on the grounds that there have been changes to the Sentencing Guidelines that have generally been favorable to Defendants convicted of importing drugs into the United States.  In his reply, Defendant mentioned medical problems with his circulation and needing to see an outside doctor for treatment for a foot circulation problem.  [Doc. No. 126 at 4.]

a.   Compassionate Release.

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction.  *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020).

17cr2202-CAB

1    Here, Defendant has not identified "extraordinary and compelling reasons" to justify a

2 sentence reduction.  First, Defendant does not have "a serious physical or medical

3 condition" within the meaning of the Sentencing Commission's policy statement.

4 U.S.S.G. §1.B1.13, cmt.n.1(A).  Defendant has suffered from poor circulation in his left

5 leg since birth and had two toes removed when he was 16.  [Doc. No. 68 at 12.] In his

6 reply, Defendant mentions that he has a foot circulation problem but acknowledges that

7 he has been receiving outside medical care for that condition.  [Doc. No. 126 at 4.] Thus,

8 Defendant has not shown an inability to provide self-care or receipt of inadequate

9 medical attention as outlined under USSG § 1B1.13(b)(1).

10    Second, while there have been some non-retroactive changes in the sentencing laws,

11 those can only be taken into consideration "in combination with other factors particular to

12 the individual defendant[.]" *United States v. Chen*, 48 F. 4th 1092, 1098 (9th Cir. 2022).

13 Here, Defendant argues that his record while incarcerated, his family circumstances, and

14 his remorse make him worthy of a sentence reduction.  However, Defendant fails to

15 demonstrate what non-retroactive changes in the sentencing laws apply to him and how

16 they rise to the level of "extraordinary and compelling" in his individualized

17 circumstances.  *Id.*  Accordingly, Defendant has not established his eligibility for a

18 sentence reduction.

19    b.  Section 3553(a) Factors.

20    In addition, when deciding whether a sentence reduction is warranted, this Court must

21 consider the factors listed in 18 U.S.C. § 3553(a), such as: the nature and circumstances

22 of the offense; the history and characteristics of the defendant; the need to reflect the

23 seriousness of the offense, promote respect for the law, provide just punishment, afford

24 adequate deterrence, and protect the public from further crimes; and the need to avoid

25 unwarranted disparities. 18 U.S.C. § 3553(a). These factors also weigh against a sentence

26 modification. First, courts in this District have recognized that even when "extraordinary

27 and compelling reasons" are present, the § 3553(a) factors do not support a sentence

28 reduction when the defendant has not served a meaningful portion of the sentence

1  ordered by the Court. *See, e.g., United States v. Ortiz*, No. 18cr2063-BAS (S.D. Cal.

2  September 11, 2020) [Doc. No. 63] (Lompoc inmate convicted of drug offense had Type

3  2 diabetes, obesity, and hypertension; but to grant release after just 15 months of 77-

4  month sentence "would create unwarranted disparities with other defendants with similar

5  criminal backgrounds" and defendant already "received a substantial downward

6  departure"). Because Defendant has served only approximately 72 months of his 120-

7  month sentence, the § 3553(a) factors weigh against granting compassionate release.

8      The nature and circumstances of this particular offense and the personal history of

9  this specific Defendant also do not support release. Defendant was a leader of a drug

10 trafficking network in San Diego that imported and distributed heroin, methamphetamine,

11 marijuana, and cocaine, into and across the United States from Mexico. [Doc. No. 68 at

12 4.] These narcotics were transported further within the United States. [*Id.*] The defendant

13 was also involved in money laundering. [Doc. No. 68 at 5.]  The specific timeframe as to

14 Defendant's involvement with his distribution ring is not currently known; however,

15 records indicate his involvement dated back to early 2016 and continued to his arrest in

16 July 2017. [Doc. No. 68 at 5.]  The guidelines recognize the seriousness of this behavior

17 and the devastating effects of the drugs involved herein, specifically the

18 methamphetamine.  Accordingly, the Section 3553(a) factors also weigh against a

19 sentence modification.

CONCLUSION

20

21     For the reasons set forth above, the motion for sentence reduction is **DENIED.**

22     **IT IS SO ORDERED.**

23 Dated:  January 16, 2024

24

25                                                    Hon. Cathy Ann Bencivengo
                                                      United States District Judge

26

27

28

4

17cr2202-CAB